IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | : | Civil Action 2:08-cv-780 |
| | : | Judge Sargus |
| Plaintiff, | | |
| v. | : | Magistrate Judge Abel |
| TITEFLEX CORPORATION | : | |
| Defendant. | : | |

**PROTECTIVE ORDER**

Certain documents and information disclosed or produced in this litigation contain trade secrets and other confidential research, development, proprietary and commercial information, as well as other information protected from disclosure under federal and state law. To preserve the confidentiality of such documents and information, it is ordered as follows:

1. As set forth in this paragraph, documents, information or testimony containing or relating to confidential, proprietary and business information and/or trade secrets (the "Disclosing Party") may be designated by a party disclosing or who has produced the document, information, or testimony as "Confidential Information" or "Highly Confidential Information" (Referred to in Exhibit A as "Protected Documents").

a. Documents, information or testimony containing or relating to confidential, proprietary and business information and/or trade secrets may be designated as Confidential Information or Highly Confidential Information. All such materials so designated shall be clearly and prominently marked as "Confidential" or "Highly Confidential."

2. No party shall be entitled to designate as "Confidential" or "Highly Confidential": (a) advertising materials disseminated to the public, (b) materials that on their face show that

they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

3. At any time after the disclosure, production, or delivery of materials designated "Confidential" or "Highly Confidential," the Receiving Party may challenge the designation of all or any portion thereof by providing written notice thereof to the Disclosing Party. If the parties are unable to agree as to whether the "Confidential" or "Highly Confidential" designation is appropriate, the Receiving Party shall within a reasonable time file a motion to compel the production of the materials at issue with a different designation. Once this issue is raised with the Court by way of motion to compel, the Producing Party shall have the burden of establishing that the materials at issue are entitled to "Confidential" or "Highly Confidential" treatment. All Protected Documents are entitled to treatment as "Confidential" or "Highly Confidential" until and unless the parties formally agree in writing to the contrary, or the Court rules that the materials are not entitled to the designation given by the Producing Party.

4. Materials designated as "Confidential" or "Highly Confidential" and any information contained therein, including translations thereof, shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except that such materials designated as "Confidential" or "Highly Confidential" may be disclosed to the following persons:

a. Counsel of record in this action;

b. Employees of counsel of record in this action (excluding experts and investigators) who are assigned to and necessary to assist such counsel in the preparation and trial of this action;

c. The parties, their officers and employees assigned and necessary to assist such counsel in the preparation and trial of this matter, and claim representatives/adjusters of the parties' insurance carriers who are assigned to supervise the claim in this action;

d. Subject to Paragraph 20 below, non-party witnesses or deponents and their counsel for purposes of this litigation;

e. The Court, court personnel, and court reporters; and

f. Subject to Paragraph 20 hereof, to consultants and experts retained by the parties and their attorneys for purposes of this litigation.

5. No materials designated "Confidential" or "Highly Confidential" shall be used by any Receiving Party for any reason other than the prosecution of this lawsuit.

6. Nothing in this Order shall prevent a Disclosing Party from disclosing any of its materials, including but not limited to, materials designated as "Confidential" or "Highly Confidential," to whomever it chooses, and any such disclosure shall not be deemed a waiver of that party's rights, or any other party's obligations, under this Order. This Order has no effect upon, and its scope shall not extend to, a Disclosing Party's use of its own "Confidential" or "Highly Confidential" materials in any manner inconsistent with the terms and requirements provided herein.

7. In the event that a person or entity not a party to this lawsuit (a "Disclosing Non-Party") is requested to produce documents or information, or to provide testimony, in connection with this lawsuit, the parties and all other persons subject to this Order agree that the Disclosing Non-Party may have the same rights as parties with respect to the designation of materials as "Confidential" or "Highly Confidential."

8. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript or translation, in whole or in part, of such document or thing.

9. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all materials designated as "Confidential" or "Highly Confidential" shall be treated as such pursuant to the terms of this Order and shall not be disclosed except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

10. Materials designated "Confidential" or "Highly Confidential" must be submitted to the Court under seal, and the party filing the materials must seek an order permitting the documents to be filed under seal. Such sealing shall continue until further order of this Court. With respect to the filing with the Clerk of the Court of any paper that discloses any Confidential Material, the portion thereof containing the Confidential Information shall be filed under seal. Nothing contained herein shall prohibit any party from filing such papers, either prior to or after their service upon any other party, in the chambers of the District Court in lieu of filing them with the Clerk of the Court. However, if such papers are filed with the Court in chambers under this proviso, the party filing such papers will inform the Court in writing, with a copy to all parties, that the papers disclose all or portions of confidential material, and will request that such papers not be transmitted to the Clerk of the Court unless the portion thereof disclosing the Confidential Information is filed under seal. The portions of all papers that contain confidential material and which are filed with the Court shall be filed in a sealed envelope bearing the following legend clearly written on the face of the envelope under the name and case number of this litigation:

**CONFIDENTIAL**

**FILED UNDER SEAL PURSUANT TO COURT ORDER**

This envelope contains documents or information that are subject to a Protective Order. The envelope shall not be opened nor the contents thereof displayed or revealed (other than to Court personnel) except by order of the Court.

11. With respect to testimony elicited during a deposition, court hearing or trial, or any other proceeding, a Disclosing Party may designate on the record, or in a subsequent written communication to all counsel and the reporter, testimony that is "Confidential" or "Highly Confidential."

12. Inadvertent or unintentional disclosure of materials designated as "Confidential" or "Highly Confidential" shall not be deemed a waiver in whole or in part of a claim to the protections of this Order.

13. Entering into, agreeing to and/or complying with the terms of this Order shall not prejudice in any way the right of any party or non-party by way of consent of all parties or by application to the Court, to seek and/or obtain (a) additional protection for specific items or categories of materials or testimony, or (b) relief from the provisions of this Order with respect to specific materials or testimony.

14. Any party may, in good faith, designate or re-designate as "Confidential" or "Highly Confidential" materials that already have been produced to another party, in which case the Receiving Party shall thereafter treat the document or information as a protected document. Documents and information already disclosed in this litigation prior to the entry of this Order which have been marked as "Confidential" or "Highly Confidential" shall be deemed to be so designated and hereinafter treated as protected under the terms of this Order. In the event that two copies of a document or information are produced under different designations, the more

restrictive designation shall apply provided that the re-designation is set forth in writing. Should the Receiving Party notice any such discrepancy, it shall promptly bring it to the Disclosing Party's attention.

15. No Receiving Party shall under any circumstances offer for sale, advertise, post on the internet or publicize (except to those parties mentioned in paragraph 4 of this Order for purposes of this litigation) materials designated as "Confidential" or "Highly Confidential," or any information contained therein.

16. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record as provided for under the terms of this Order. This Court retains and shall have continuing jurisdiction over the parties and recipients of the materials designated as "Confidential" or "Highly Confidential" for enforcement of the provisions of this Order following termination of this litigation.

17. Upon termination of this action by dismissal, judgment, or settlement, the Receiving Party shall return all the materials designated as "Confidential" or "Highly Confidential" to the Disclosing Party, and any copies thereof. The Receiving Party shall be entitled to keep their attorney work product which refers or relates to any materials designated as "Confidential" or "Highly Confidential," but such work product shall at all times be treated as required under the terms of this Order.

18. If a Receiving Party receives a subpoena from a non-party to this Order seeking production or other disclosure of materials designated as "Confidential" or "Highly Confidential," the Receiving Party shall give written notice to the Disclosing Party identifying the protected materials sought and enclosing a copy of the subpoena within two (2) business days after receipt of the subpoena or immediate telephonic notice if the subpoena requires production

of the documents within less than three (3) business days. Once the Receiving Party has given notice to the Disclosing Party as set forth above, the Disclosing Party shall make timely objections to the production of materials designated as "Confidential" or "Highly Confidential," including by referencing the existence of this Order. Unless and until such objections are overruled by the court, or the court otherwise orders production of materials designated as "Confidential" or "Highly Confidential," the Receiving Party shall not produce or divulge the contents of any such documents. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any order requiring production of materials covered by this Order, to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek relief from this Court.

19. This Order shall be binding upon the parties and their attorneys, experts, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

20. If a Receiving Party desires to give, show, make available or communicate documents or information designated as "Confidential" or "Highly Confidential" to any person listed in Paragraph 4 above, the Receiving Party shall first provide such person with a copy of this Order, and shall cause him or her to execute an acknowledgment in the form attached hereto as Exhibit A. The acknowledgment is to be retained by counsel for the party disclosing the information to such persons. For purposes of this Order, "expert or consultant" means an expert or independent consultant or contractor who is not an employee of the parties or of a competitor of the parties, and is retained solely for the purpose of advising and assisting counsel in the preparation or trial of this action or retained to give expert testimony or retained for both purposes, and his or her secretarial assistants, to whom it is necessary to disclose "Confidential"

or "Highly Confidential" materials for purposes of this action. The individuals covered by Paragraph 4 (c) and 4 (d) above shall have access only to that portion of material related to their expected testimony, and provided further that any such person may not retain any Confidential or Highly Confidential material after the conclusion of this litigation. The individuals covered by Paragraph 4(f) above may not retain any Confidential or Highly Confidential material after the conclusion of this litigation.

IT IS SO ORDERED.

s/ Mark R. Abel  
United States Magistrate Judge

# EXHIBIT "A"

AGREEMENT CONCERNING MATERIAL COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

I, the undersigned, have or may have access to "Protected Documents" that are subject to the attached Order governing confidential information (the "Order") in the litigation styled *Allstate Insurance Company, as subrogee of Steven Shih v. Titeflex Corporation*, Civil Action No. 2:08 CV 780 in the United States District Court for the Southern District of Ohio on the _____ day of _____, 2009.

I acknowledge and agree to comply with the terms of said Order.

I agree to utilize and refer to the Protected Documents solely in connection with the above-captioned proceeding and for no other purpose.

Further, I understand that disclosure of the Protected Documents in violation of the Order is prohibited and may be a contempt of Court.

If I am expert or consultant, I certify that I am not a current competitor, or employee of a competitor, of any of the parties of their agents.

I consent to the jurisdiction of this Court for purposes of enforcement of the terms of the Order and hereby agree to comply with all of the terms thereof.

_____     _____
DATE                                SIGNATURE